UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAQUAN BROWN, | Case No. 1:24-cv-416 |
| Plaintiff, | Hopkins, J.<br>Bowman, M.J. |
| v. | |
| MICHAEL WIEDER, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

On August 2, 2024, Plaintiff DaQuan Brown, proceeding pro se, filed an application seeking to initiate the above-captioned case *in forma pauperis*, or without payment of a filing fee.[1] By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, the undersigned recommends that this case be dismissed for failure to state a claim.

### I. The Screening Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying

---

[1] The undersigned takes judicial notice of related allegations in another case in which the same Plaintiff was granted leave to proceed *in forma pauperis*. *See Brown v. Cincinnati Police Dept.*, No. 1:24-cv-316-MWM-SKB.

litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept

2

all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. Plaintiff's Complaint

Plaintiff's pro se complaint form begins by identifying the following Defendants: (1) Michael Wieder; (2) Radiant Property management LLC; (3) Eatondale CR LLC; (4) Gary Woldiger; (5) Michael Scott; (6) City of Cincinnati; (7) Jacob Hicks; (8) Jeffrey Wieczarkanski; (9) and David Johnston.[2] (Doc. 1-1). Next, he identifies the basis for federal subject matter jurisdiction as 28 U.S.C. § 1331 and 42 U.S.C. § 1983. (Doc. 1-1 at PageID 5).[3] In his statement of relief, Plaintiff states that he seeks the following: "an award of the taxable cost[s,] … punitive damages, intentional emotional distress[,] physical injuries, physical sickness, lost wages, and other consequential damages" as well as "an order to expunge Plaintiff['s] personnel file of all negative documentation and require mandatory training on discrimination, harassment and retaliation issues." (*Id.*,

---

[2] Defendants Wieczarkanski and Johnston were previously named as Defendants by Plaintiff in Case No. 1:24-cv-314, although the former officer's surname was previously spelled "Wicezorkowski."
[3] In addition, within the body of the complaint Plaintiff refers to this Court's supplemental jurisdiction over state claims under 28 U.S.C. § 1367. (*Id.*, PageID 9).

3

PageID 7). In lieu of setting forth his allegations on the complaint form itself, Plaintiff has appended a four-page attachment. (Doc.. 1-1, PageID 8-11).

While difficult to follow, Plaintiff's allegations and claims have been liberally construed as written. As best the undersigned can discern, Plaintiff believes that he was wrongfully denied overtime pay and was terminated by Defendant Eatondale CR LLC on an unknown date from a position entitled Superintendent of Maintenance. Plaintiff alleges that Eatondale did not run a background check on Plaintiff before hiring him, and "didn't care about [Plaintiff's] criminal record." (*Id.*, PageID 9). Plaintiff further alleges that Eatondale "runs and operate[s] under Radiant Property Management LLC, which is run[] by Michael Wieder." (*Id.*, PageID 10). Plaintiff asserts that based on Radiant's "concerns," Plaintiff filed complaints against the "CPD"[4] in order to "stop CPD harassment." (*Id.*, PageID 9).

On the last page of his attachment, Plaintiff identifies two specific claims. (*Id.*, PageID 11). Under "Claim 1," Plaintiff alleges that Defendant Eatondale violated the Fair Labor Standards Act as follows:

> Plaintiff made complaints regarding his treatment, sexual harassment and the tenants stolen checks. Eatondale instructed Mainier Ward to have Plaintiff take on a new position, which caused Plaintiff to miss out on overtime pay. Eatondale violated the Fair Lab[or] Standards Act, failing to play [sic] Plaintiff overtime. Eatondale knew Plaintiff was not exempt from the obligations imposed by the FLSA. Eatondale acted willfully in bad faith and in a recklessly [sic] manner.

(Id.)

Under "Claim 2," Plaintiff alleges "Interference with a business relationship" by "CPD." The entirety of his allegations to support his second claim are as follows:

---

[4]The undersigned reasonably infers from the context of the complaint that "CPD" refers to the Cincinnati Police Department.

> The CPD officer intentionally retaliated against Plaintiff for his filing and hosted a private meeting with Plaintiff employer. Officer told untrue and false statements about Plaintiff that contributed and lead up to his termination.

(*Id.*)

### III. Analysis

Plaintiff's complaint appears to set forth only two claims under 42 U.S.C. § 1983 against Defendant Eatondale, and a second entity identified as "CPD" – an apparent reference to the Cincinnati Police Department. Because Plaintiff does not sufficiently articulate any claims against any of the other named Defendants, his claims against all individuals and entities other than Eatondale and the City of Cincinnati should be dismissed for that reason alone.

But even if Plaintiff's allegations are liberally construed as asserting § 1983 claims against <u>all</u> Defendants, and not only Eatondale and the City, his complaint still should be dismissed because most of the named Defendants are private individuals or entities. "To state a viable claim under 42 U.S.C. § 1983, a plaintiff 'must allege that he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law.'" *Smith v. Detroit Entertainment L.L.C.*, 338 F.Supp.2d 775, 778 (E.D. Mich. 2004) (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992)). In addition to failing to articulate what right or rights he was deprived of, Plaintiff has not properly alleged that most Defendants acted under color of state law. In fact, Defendant Eatondale, Defendant Radiant Property Management, and several individual Defendants appear to be private entities or private persons rather than public employees acting under state authority. As such, they cannot be held liable under 42 U.S.C. § 1983.

5

In addition to his misplaced assertion of a § 1983 claim against Eatondale, Plaintiff identifies the basis for Eatondale's liability as arising under the Fair Labor Standards Act. But Plaintiff's conclusory allegations lack *any* factual details that would give Eatondale fair notice of what he is asserting in "Claim 1."

Plaintiff's reference to overtime suggests he may be asserting a claim for overtime pay. "The FLSA requires ... employers to pay employees engaged in commerce a wage consistent with the minimum wage established by the Act, and 'provides that employers may not require employees to work more than forty hours per workweek unless those employees receive overtime compensation at a rate of not less than one-and-one half times their regular pay.'" *Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012) (citing 29 U.S.C. § 207(a)(1) and quoting *Baden-Winterwood v. Life Time Fitness, Inc.*, 566 F.3d 618, 626 (6th Cir. 2009); internal citation omitted). But if Plaintiff is alleging a claim for overtime pay, he fails to state a claim because he fails to include any supporting facts, such as the dates of his employment, or whether he actually worked more than 40 hours per week. Instead, Plaintiff's vague allegations imply that on some unknown date he was transferred by a non-party supervisor to a different position with his employer, and that – due to the new position - he lost out on an *opportunity* to earn overtime pay. That allegation does not state an overtime claim under the FLSA.

To the extent that Plaintiff is not attempting to claim overtime but is instead attempting to set forth a retaliation claim under the FLSA, he also fails to state a claim. Once again, he includes insufficient substantive factual details to make out any claim at all, even assuming that he made some type of "complaints" to his former employer. *Accord*, *Reddy v. Mediscribes, Inc.*, No. 3:20-cv-128-RCJ, 2021 WL 2941987, at *7 (W.D.

6

Ky. July 13, 2021) (dismissing FLSA claim in part because plaintiff's allegation that she "gave a complaint of discrimination" to her employer was entirely conclusory).

Plaintiff's "Claim 2" against the City of Cincinnati similarly fails because it offers nothing more than conclusions, unsupported by facts. Plaintiff has named the City as liable under § 1983 on grounds that the Defendant City possessed the "final policy making authority and training for the CPD." (Doc. 1-1 at PageID 8). But "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir.1989).

Here, Plaintiff fails to state a claim because he does not identify any <u>specific</u> policy or custom by the City of Cincinnati that allegedly caused his injuries. This Court will not infer allegations that are not pleaded. *Accord Stump v. City of Mount Vernon*, 2019 WL 176325, at *2 (S.D. Ohio Jan. 11, 2019) (dismissing on initial screening complaint where plaintiff failed to allege that any official policy or custom resulted in the violation of his constitutional rights). Plaintiff's conclusory assertions are precisely the type of legal conclusions couched as factual allegations that do not pass muster under *Twombly* or *Iqbal.* "A mere conclusory allegation that a municipality employs an unlawful policy or custom, without identifying the policy or stating a pattern of conformance to that custom, is not sufficient." *Finnell v. Eppans*, No. 1:20-cv-337-MRB-SKB, 2020 WL 3548200, at *3 (S.D. Ohio June 15, 2020) (quoting *Hargrow v. Shelby Cty., Tenn.*, No. 13-2770, 2014 WL 3891811, at *4 (W.D. Tenn. Aug. 7, 2014), *report and recommendation adopted at*

2020 WL 3545288 (S.D. Ohio June 30, 2020); *see also, e.g.*, *Rowland v. City of Memphis, Tenn.*, No. 2:13-CV-02040-JPM, 2013 WL 2147457, at *5 (W.D. Tenn. May 15, 2013) (finding the plaintiff's allegations to be conclusory "because they simply assume that an unlawful seizure or disposal of property must be the result of the City's failure to train or the City's policies and procedures."); *Biggin v. Ohio*, No. 3:17-CV-2193, 2019 WL 3500921, at *7 (N.D. Ohio Aug. 1, 2019) ("Plaintiff's conclusory allegations, utterly devoid as they are, of any *factual* underpinning, simply cannot sustain a policy/practice failure to train claim."); *Austin v. City of Cincinnati*, No. 1:15-CV-608, 2015 WL 5680382, at *3 (S.D. Ohio Sept. 25, 2015) (finding "plaintiff's conclusory allegations of an 'implicit or explicit' unidentified policy and of a failure to train and supervisor, without more, fail to state" a plausible claim under § 1983), *report and recommendation adopted*, No. 1:15-CV-608, 2016 WL 1718264 (S.D. Ohio Apr. 28, 2016); *Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009) (finding that "bare allegations of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief."). As Plaintiff has failed to state a claim for relief against the City of Cincinnati under § 1983, Plaintiff's official capacity claims against all Defendants are also subject to dismissal.

Plaintiff's inclusion of cursory references to both individual City employees and to supervisory officials also fails to state any claim.[5] With respect to claims against police officers named in their individual capacities, Plaintiff fails to state a claim because he does not identify who harmed him and how they did so,[6] which is a "basic pleading essential"

---

[5] Despite the inclusion of those references, Plaintiff's second claim is asserted only against "CPD" and/or possibly the City of Cincinnati.
[6] Plaintiff's omission of substantive facts that might support his conclusory claims may reflect a misguided attempt to evade dismissal on other grounds In the original complaint submitted in No. 1:24-cv-316-MWM-

8

required to state a claim. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Wal-Mart Stores, Inc.*, 507 Fed. Appx. 543, 547 (6th Cir. 2012) (courts "are not required to conjure up allegations not pleaded or guess at the nature of an argument."). "The Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege...facts that demonstrate what *each* defendant did that violated the asserted constitutional right.'" *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). That is, Plaintiff must show that the alleged violation of his constitutional rights "was committed *personally*" by the defendant. *Id.* (emphasis in original); *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (persons sued in their individual capacities under § 1983 are liable only for their own unconstitutional behavior) (citations omitted).

Plaintiff's claims against supervisory personnel are equally lacking. (*See*, *e.g.*, Doc. 1-1 at PageID 9, alleging that Defendant Johnston was "the Police Commander," and "is and was responsible for the policies, practices and/or customs of the CPD," and for "hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers under his command."). Plaintiff's cursory allegations fail to state any claim because "respondeat superior" or supervisory liability is not cognizable in a § 1983 action. "[A] supervisory official's failure to supervise, control or train the offending

---

SKB, a pleading that includes some allegations similar to those presented in the instant pleading, Plaintiff alleged that Officer "Wicezorkowski" and another officer engaged in "retaliation" when they met with his employer in March 2022, and that Plaintiff was subsequently demoted (on an unknown date) and eventually terminated by Eatondale on August 4, 2022. (*See* R&R previously filed on 7/8/24, Doc. 4, discussing allegations made in support of § 1983 claims). The undersigned recommended dismissal of § 1983 claims relating to the alleged March 2022 meeting with Plaintiff's employer as barred by a two-year limitations period. The undersigned also recommended dismissal of an allegation that Officer Wicezorkowski committed the tort of intentional infliction of emotional distress as entirely conclusory. In response, Plaintiff filed an amended complaint, leading the undersigned to file a Supplemental R&R. (Doc. 7).

individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Shehee v. Latrell*, 199 F.3d 295, 300 (6th Cir. 1999), quoting *Hays v. Jefferson Cty., Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). Furthermore, simple awareness followed by the failure to act will not impose liability under § 1983: "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee*, 199 F.3d at 300 (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998)).

Last, because Plaintiff alleges no facts that would support the existence of diversity jurisdiction, and fails to state any cognizable federal claim, the Court should decline to exercise supplemental jurisdiction over any possible state law claims.

### IV.    Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Plaintiff's complaint against all Defendants be DISMISSED with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DAQUAN BROWN, | Case No. 1:24-cv-416 |
| Plaintiff, | McFarland, J. |
| | Bowman, M.J. |
| v. | |
| MICHAEL WIEDER, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).